502

Cecil Artrip, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mace, Inc., Respondents.

Argued June 2, 1980, before WILKINSON, JR., MAC-PHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold N. Fitzkee, Jr.,* for petitioner.

*Ronald M. Katzman, Goldberg, Evans & Katzman,* for respondent, Mace, Inc.

Opinion by Judge Williams, Jr., November 10, 1980:

This is an appeal by Cecil Artrip (claimant) from an Order of the Workmen's Compensation Appeal Board (Board) reversing a referee's award of compensation to the claimant pursuant to Section 301(a) of the Workmen's Compensation Act.[1] The claimant is the president of Mace, Inc. (Employer), a small family enterprise engaged in the business of the sale of subdivided building lots, along with the retail sales of building materials, furniture and appliances.

The action commenced when the claimant filed a claim for benefits as a result of an injury which occurred on January 4, 1976. After a hearing, the referee determined that the claimant's injury occurred on the employer's premises and in furtherance of the employer's business. The claimant was awarded compensation benefits for temporary total disability from January 4, 1976, until April 30, 1976. The referee further determined that the claimant was entitled to partial disability benefits from May 1, 1976, until July 31, 1976; and that as of August 1, 1976, all compensation would terminate. The insurance carrier for Mace, Inc., U.S. Fidelity and Guaranty Group, appealed the referee's decision to the Board. The Board reversed the referee's award and this appeal by the claimant followed.

All of the employees of Mace, Inc., are related either by blood or by marriage. The corporation maintains its office as part of a building in which the claimant resides with his wife and two daughters, ages 8 and 11 years. Surrounding the building are the subdivided lots which Mace, Inc., had available for sale.

On November 20, 1974, as part of his duties as a "working president," the claimant entered into an

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §431.

agreement for the sale of one of the building lots. As down payment for the lot, the purchasers traded in a used snowmobile for an $800.00 allowance. Part of the purchase agreement was a guarantee that the snowmobile was in good working condition when delivered. If not, then the previous owners would make the necessary repairs. The snowmobile was delivered in December of 1975 and stored on the premises. It was the claimant's testimony that on January 4, 1976, a Sunday, he took the snowmobile for a test drive to determine its condition pursuant to the agreement with the previous owners. The claimant testified that that day was the first day when there was an appreciable snowfall. Accompanied by his wife, the claimant drove the snowmobile out onto the corporation's land. On the return trip, the claimant was injured when the snowmobile dropped into a gully or washout. As a result of his injury, the claimant was hospitalized with back pain for several weeks and thereafter spent approximately 2 months recuperating at home in bed. At the time of the hearing before the referee, the claimant testified that he was still wearing a brace.

There was additional testimony that the snowmobile had been driven earlier that same day by the claimant's wife and by his two minor daughters.

It is that latter testimony that formed the basis for the reversal of the referee's decision by the Board. The Board reasoned that since the claimant's wife and children had driven the snowmobile previous to the time that the claimant did so, the snowmobile had already been determined to be in working condition. Therefore, the Board concluded that it was no longer necessary for the claimant to drive the snowmobile to check its condition; and that his driving it was not required by his employment or for the benefit of his employer. In the opinion of the Board, the referee capriciously disregarded competent evidence when he deter-

mined that the claimant's use of the snowmobile was pursuant to the prior agreement with the former owners and that it was done in furtherance of the employer's business.

We cannot accept the Board's reasoning; nor do we agree with its conclusion. The fact that the claimant's wife and two minor daughters drove the snowmobile on a previous occasion has no legal bearing on the critical issue of whether the claimant was injured in the course of his employment. We believe that the claimant, as president of the company, was not bound to rely on any prior opinion of his family that the snowmobile was operable and functional. In fact, there is no evidence in the record to indicate that the family members were themselves driving the snowmobile for the purpose of checking its condition. On the contrary, the evidence indicates that the operation of the vehicle by the wife and daughters was more for their personal pleasure.

The record does not support the inference drawn by the Board, that the family members, and not the claimant, were operating the snowmobile pursuant to the agreement. For the same reasons, the Board's conclusion that it was unnecessary for the claimant to drive the snowmobile must also fall as being unsupported by the record evidence. Furthermore, there is nothing in the record to negate the testimony by the claimant that *his* purpose in driving the snowmobile was to test its working condition. That stated purpose is supported by the evidence and was obviously believed by the referee. It is the referee's function as the ultimate fact finder to consider the credibility of the evidence presented. Unless the Board chooses to hear new evidence, with witnesses appearing before it, it must consider only the competence, rather than the credibility, of evidence presented to the referee. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth

Ct. 176, 305 A.2d 757 (1973). Here, the referee's finding that the claimant was test driving the snowmobile pursuant to the prior agreement is supported by the competent evidence.

The determination of whether an employee is in the course of employment at the time of injury is a question of law based upon findings of fact. *Tredyffrin-Easttown School District v. Breyer*, 48 Pa. Commonwealth Ct. 81, 408 A.2d 1194 (1979). Therefore, under the facts of this case which find support in the record, the referee's conclusion that the claimant was injured in the course of employment and while engaged in the furtherance of the employer's business must be affirmed. Accordingly, we will reverse the Board and affirm the findings and conclusions of the referee as supported by the substantial evidence. The award of compensation to the claimant is hereby reinstated.

## Order

AND Now, the 10th day of November, 1980, the order of the Workmen's Compensation Appeal Board, dated February 1, 1979, denying benefits to Cecil Artrip, is reversed.

It is ordered that judgment be entered in favor of Cecil Artrip and against Mace, Inc., and/or its insurance carrier. The defendant Mace, Inc. and/or its insurance carrier, U.S. Fidelity and Guaranty Group, is directed to pay compensation benefits to claimant Cecil Artrip at the weekly rate of $123.06 for total disability from January 4, 1976 until April 30, 1976, inclusive. Thereafter, compensation is to be paid for partial disability at the weekly rate of $30.77 from May 1, 1976 until July 31, 1976, inclusive. As of August 1, 1976, all compensation will terminate. The above award shall bear interest at the statutory rate of 10 per cent per annum on all deferred payments of compensation.

The defendant and/or its insurance carrier is further directed to pay claimant's medical expenses in the amount of $670.70. That sum shall be delivered to John Gailey, Jr., Esquire, for disbursement to the creditors listed in the referee's order of February 22, 1978.

In addition, the defendant and/or its insurance carrier is directed to pay the witness fee of $5.00 each to Donald Howe and Mary Ann Artrip. Defendant shall deduct a counsel fee of 15% out of the claimant's award, payable to John Gailey, Jr., Esquire. The balance of the award shall be payable directly to the claimant.

Judge WILKINSON, JR., dissents.