Carolyn R. Crouse, Widow of Robert E. Crouse, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sperry Univac, Respondents.

Argued February 2, 1981, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Earl T. Britt,* with him *Wayne A. Schaible, Duane, Morris & Heckscher,* for petitioner.

*Lowell A. Reed, Jr.,* with him *Michael D. Melie,* of counsel, *Rawle & Henderson,* for respondent, Sperry Univac.

OPINION BY JUDGE MACPHAIL, March 12, 1981:

Carolyn Crouse (Claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's dismissal of the Claimant's fatal claim petition.

Claimant is the widow of Robert E. Crouse (Decedent). The Decedent had been employed as a sales representative for Sperry Univac Corporation (Employer). His job required servicing computer accounts in the publishing industry. One of his major accounts was TV Guide. The Decedent used his own vehicle for travel to his accounts. It was the Employer's policy to compensate the Decedent for all mileage excluding the mileage from his home in West Chester to the Employer's Whitemarsh office where the Decedent had a desk and his supervisor was headquartered.

On December 13, 1973, the Decedent was working with his supervisor and others in the Whitemarsh office, preparing a three million dollar proposal to be presented to TV Guide on the morning of December 14, 1973. The Decedent was responsible for delivering the materials to TV Guide. He left his office at 7:30 p.m., taking the presentation materials with him. While enroute home, he stopped at a restaurant for about an hour where he visited with some friends and consumed one or two drinks. Shortly thereafter, he was injured in an automobile accident which resulted in his death on December 16, 1973.

Claimant filed a fatal claim petition with the Board on December 6, 1976. After conducting several hearings, the referee dismissed the petition on the ground that the Decedent had not sustained his fatal injuries during the course of his employment as defined by Section 301(c)(1) of the Pennsylvania Workmen's Compensation Act (Act)[1] and consequently was

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1). Section 301(c)(1) reads in pertinent part as follows:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employee, . . . arising in the course of his employment and related thereto, . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death

ineligible for benefits under the Act. The Board affirmed the referee.

The gravamen of the Claimant's argument is that the referee and the Board capriciously disregarded substantial competent evidence and erred as a matter of law in determining that the Decedent was not within the scope of his employment when he was injured. We disagree.

The Claimant has the burden to prove that the injury was sustained in the course of employment. *Krawchuk v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 591, 397 A.2d 1296 (1979). Where, as here, the decision below was against the party with the burden of proof, our scope of review is "limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence." *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977). "A capricious disregard of evidence will be found when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Rabenstein v. State Workmen's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 165, 325 A.2d 681, 684 (1974).

We have repeatedly held that where, as here, the Board takes no additional evidence, the ultimate fact finder is the referee and that the Board may consider

resulting from such injury. . . . The term 'injury arising in the course of his employment,' . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.

77 P.S. §411(1).

only the competence and not the credibility of the evidence presented to the referee. The Board, therefore, must affirm the referee where his findings are supported by substantial evidence. *Artrip v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 502, 421 A.2d 1254 (1980), *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

At the hearings the Claimant presented evidence to show that the Decedent often worked at home in the evenings, the Employer expected the Decedent to work at home, the Decedent was responsible for transporting the presentation materials to the TV Guide Offices and that on the fateful evening the Decedent was bringing the presentation materials home in order to complete them[2] prior to the early morning meeting.[3] Based on this evidence, the Claimant asserted that the Decedent had been within the course of his employment when he was injured. The Employer's evidence included, inter alia, the testimony of the Decedent's supervisor who stated that any work done by the Decedent at home was for his own convenience and that although the Employer permitted the Decedent to

---

[2] The materials consisted of a flip chart, a brief case with copies of the presentation to be distributed at the meeting, and a tripod to hold the flip chart. The Claimant argued that the flip chart was incomplete at the time the Decedent left the office. Unfortunately, the flip chart had been discarded prior to the filing of the fatal claim petition and was, therefore, not in existence at the time of the hearing.

[3] Included in this evidence was an inter-office communication written by Robert Steele, the Decedent's supervisor to an insurance representative of Univac which stated that the Decedent was going to complete work on the project at home. At the hearing, however, Mr. Steeele said that after he had sent the letter, he was informed that the Decedent had remained in the office to complete work on the project and that the project was essentially complete at the time the Decedent left the office.

work at home, he had never been directed to do so. The supervisor further testified that the Decedent had not been directed to take the materials home that particular evening. Evidence was also presented to support the Employer's claim that the presentation materials had been completed at the Employer's office before the Decedent left for home.

The law is clear. Absent a request by the employer for the employee to do something at his home for the convenience of the employer, injuries to employees while on trips to and from work are not considered to be within the course of employment. *LoPresti v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 7, 384 A.2d 1017 (1978). "[A]n employee who chooses to work at home, for whatever reasons personal to him and not at the behest of his employer, is doing so for his own convenience rather than that of his employer." *Krawchuk, supra,* 40 Pa. Commonwealth Ct. at 598, 397 A.2d at 1300.

It is well settled, in Workmen's Compensation cases, that questions concerning the credibility of witnesses, the resolution of conflicts in the testimony and the weight to be given the evidence are for the referee and not this Court. *Shenango Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979).

In the instant case, after reviewing all of the evidence the referee made the critical findings that (1) at the time of the accident, the Decedent was carrying the materials home for his own convenience so that he would not have to pick them up again at the office the next morning, (2) the Decedent was not specifically instructed to transport the materials to his home, and (3) the Decedent was not directed to perform any additional work on this project at his home and, if he had decided to do so, it would have been at his own option and for his own convenience. Our careful re-

436

view of the record convinces us that the referee in making those findings did not capriciously disregard any competent evidence and we are also convinced that the findings are consistent with each other.

The question of whether an employee is in the course of his employment at the time he is injured is one of law based on findings of fact. *Green v. Marger, Inc.*, 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). All of the necessary facts found by the referee compel the conclusion as a matter of law that the Decedent was not within the course of his employment at the time he was injured.

Accordingly, we affirm.

ORDER

AND Now, this 12th day of March, 1981, the order of the Pennsylvania Workmen's Compensation Appeal Board, at No. A-77764, dated January 31, 1980, denying benefits to Carolyn R. Crouse is hereby affirmed.