Anthony Nucci, Petitioner *v.* Workmen's Compensation Appeal Board (Municipality of Penn Hills), Respondents.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Anthony J. Martin, Martin, Durkin & Martin,* for petitioner.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, Municipality of Penn Hills.

OPINION BY JUDGE ROGERS, November 30, 1982:

Anthony Nucci appeals from the denial of his claim for workmen's compensation benefits by a referee and the Workmen's Compensation Appeal Board. A hearing was conducted by a referee at which the claimant, represented by counsel, and a co-worker testified and the depositions of two physicians were admitted into evidence.

On the basis of this evidence it is undisputed, and the referee found, that the claimant suffered chest pains in December, 1976, while engaged in his work for the Township of Penn Hills of laying sections of galvanized steel storm water drainage pipe; that the

pain soon subsided allowing the claimant to resume his work; that the pain recurred on at least two other occasions in December, 1976, and January, 1977, once at the claimant's home and once while again engaged in his duties for Penn Hills; that on each occasion the pain subsided within an hour or less; that the claimant consulted with his family physician, Dr. Mohinder Bahl, on January 14, 1977 and that diagnosis then made on the basis of electrocardiographic studies was that the claimant had suffered a heart attack and he was treated at a hospital until January 25, 1977; that blood enzyme tests conducted during the claimant's hospitalization revealed that the heart damage had occurred more than three weeks prior to the hospital admittance; that following his hospitalization the claimant was totally disabled until June of 1977 and partially disabled from that date until January 1, 1978; and that the claimant had, at the time of the hearing, returned to work full-time and was presently enjoying a good medical prognosis.

The only disputed issue is that of causation, that is, whether the heart attack and attendant disability arose in the course of and was related to the claimant's employment within the meaning of Section 301 (c) of The Pennsylvania Workmen's Compensation Act.[1] The evidence on this issue was conflicting and consisted of the testimony of Dr. Bahl generally to the effect that in his opinion, based on the elimination by physical examination and blood test of other causes such as hypertension and high blood cholesterol, the strenuous pipe laying duties in which the claimant was engaged in December, 1976, contributed to the heart attack and the deposition of Dr. Larry E. Hurwitz, M.D., a board certified cardiologist retained by the

---

[1] Act of June 2, 1915, **P.L.** 736, *as amended* by the Act of March 29, 1972, P.L. 159, No. 61, §7, 77 P.S. §411(1).

employer, who testified that he had examined the claimant and had reviewed the pertinent medical records and was of the opinion based on the character and duration of the episodic chest pain symptoms described by the claimant that no heart attack had occurred while laying pipe but that the heart attack had occurred at some other time and was the result solely of progressive coronary disease unrelated to the claimant's employment. Dr. Hurwitz explained that the claimant's descriptions of chest pain experienced while working in December, 1976, and January, 1977, were consistent with the coronary condition angina pectoris, not itself destructive of heart tissue, but were not consistent with the occurrence on those occasions of an actual myocardial infarction or heart attack. It was Dr. Hurwitz's opinion, based on these conclusions, that there was no basis for the assertion of a causal relationship between the claimant's employment duties and his ultimate disability.

Dr. Hurwitz's opinion, recounted above, was expressed with considerable eloquence and erudition and while the testimony of Dr. Bahl was similarly forceful, properly directed and sufficient, if credited, to support a finding of the requisite causal connection, the referee chose to believe Dr. Hurwitz and therefore, to deny the claim.

Our scope of review where a workmen's compensation claimant fails to establish the causal element necessary to his claim is, of course, limited to a determination of whether the referee committed an error of law and whether, in deciding that the claimant failed to meet his evidentiary burden, the referee capriciously disregarded competent evidence.

The claimant first asserts that expert medical evidence was unnecessary to support his claim, this case being for the application of the rule that lay testimony is probative on the issue of physical injury and the

cause of that injury if the cause and effect are immediate, direct, and natural to common experience. *See Kistler v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980). The case is not governed by that rule. We have no warrant for concluding that the claimant's work activities caused his myocardial infarction where one expert on coronary ailments has unambiguously rejected the existence of a causal connection and another, the claimant's expert, inferred the existence of the causal relationship only after eliminating other possible causes by means of physical examination and chemical tests of the claimant's blood.

The claimant also contends that the referee capriciously disregarded the testimony of Dr. Bahl. A referee does not capriciously disregard evidence when choosing to accept, as his duty requires, one of the opinions of conflicting medical experts.

Order affirmed.

### ORDER

AND Now, this 30th day of November, 1982, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.