William Beahan, Petitioner *v.* Workmen's Compensation Appeal Board (Pittsburgh Software Consultants, Inc.), Respondents.

Argued March 12, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Joseph S. Hornack, Abes & Begler, P.C.,* for petitioner.

*Francis E. Pipak, Jr., Meyer, Darragh, Buckler, Bebenek & Eck,* for respondent, Pittsburgh Software Consultants, Inc.

OPINION BY JUDGE PALLADINO, May 25, 1984:

William Beahan (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a decision of the referee and denying benefits. We affirm.

Claimant was a systems analyst for Pittsburgh Software Consultants, Inc. (Employer). He was also president of the company. On March 15, 1980, Claimant was working for a customer at another company's office, off the Employer's premises. When Claimant finished his work, he loaded his car with four of the Employer's computer discs and drove to his home. On the way home, Claimant drove directly past the building where the Employer's office was located. Claimant did not stop to drop off the discs because it was late and because he had been having trouble using his key to get into the building.

Although Claimant did not intend to do any further work with the discs, he took them home with him. While carrying the discs into his home, Claimant slipped and fell on ice in his driveway, sustaining a broken right leg and a dislocated right ankle.

The referee granted benefits and the Board reversed, concluding as a matter of law that Claimant was not within the course of his employment as a systems analyst when he fell. Claimant in his appeal challenges this conclusion of the Board.[1]

Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act)[2] provides that an employer "shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment."

Section 301(c)(1) of the Act defines injury to mean "an injury to an employe, regardless of previous physical condition, arising in the course of his employment and related thereto."[3]

In *Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 439 A.2d 627 (1981), the Supreme Court held that Section 301(c)(1) contains only two requirements for compensability—(1) that the injury arose in the course of employment and (2) that the injury was related to that employment.[4]

In the instant case we cannot say that the Board erred as a matter of law in concluding that Claimant was not within the course of his employment when he

---

[1] Our scope of review in a workmen's compensation case where the party with the burden of proof did not prevail below is limited to a determination of whether an error of law was committed or whether competent evidence was capriciously disregarded. *Nucci v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 178, 452 A.2d 905 (1982).

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431.

[3] 77 P.S. §411(1).

[4] *Krawchuk,* 497 Pa. at 120, 439 A.2d at 630.

was injured. The Board found that Claimant chose to take the discs home for personal reasons, and did so for his own convenience rather than that of the Employer. The evidence supports this finding. Claimant in his testimony stated that he had finished his work for the day and did not intend to do any work for the Employer at home. Claimant also stated that although he had been having trouble with his key, he had been able to use it to get into the building on other occasions. These facts support the Board's finding that Claimant took the discs home for his own convenience.

Claimant argues that because he is the president of the company we should expand the course of his employment to include his decision to take the discs home. We do not agree. The fact that Claimant's actions were based on personal convenience removes the injury from the course of his employment, regardless of Claimant's executive position.

We find that the Board correctly concluded that Claimant was not in the course of his employment when he was injured. Accordingly, the order of the Board reversing the referee and denying benefits is affirmed.

### Order

And Now, May 25, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby affirmed.

---

Dissenting Opinion by Judge Barbieri:

Most respectfully, I must dissent. The referee's finding that Claimant's injury was suffered "in the course of, and was related to, his employment" is supported by evidence which the referee as the trier of fact could rightfully accept. In accepting the Board's reversal based upon its contrary findings, the majority states: "[t]he Board found that the Claimant

chose to take the discs home for personal reasons, and did so for his own convenience rather than that of the Employer.''

Since, in my view, whether Claimant's acts were for personal reasons or for his own convenience rather than that of his Employer are questions of fact turning upon credibility, it was clear error for the Board, without taking additional evidence, to substitute its fact determinations for those of the referee. *Artrip v. Workmen's Compensation Appeal Board (Mace, Inc.)*, 54 Pa. Commonwealth Ct. 502, 421 A.2d 1254 (1980); *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). For this reason, I cannot agree with the majority's view that the Board's findings should be approved if they can be supported by evidence in the case.

Also, while it may not be necessary to reach the corporate executive employe question, since the injured worker in this case was president of the corporate employer and as such was an ''executive officer'' of the corporate employer, entitled to employee status under the terms of Section 104 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §22, the ''working corporate executive'' has been accorded a broader scope of employment for workmen's compensation purposes than might otherwise exist. *Forschner v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 258, 431 A.2d 374 (1981); *Artrip*. Since we must view the evidence in the light most supportive of the referee's finding, we note that there is no discernable reason why the referee could not properly believe that the injured worker, in the corporate executive role of his dual employe relationship, was acting in what he considered, as corporate president, to be in the best interest of the company, the employer. The referee found that ''some of his employer's work'' was done

in Claimant's house and that ''he went to the office only 3 or 4 days per week.''

Accordingly, for the foregoing reasons, I would reverse and reinstate the decision and award of the referee.