Garner P. Mitchell, deceased, Marian S. Mitchell, widow, Petitioner *v.* Workmen's Compensation Appeal Board (4-J Harvestore), Respondents.

Argued December 14, 1984, before Judges Mac-Phail, Colins and Palladino, sitting as a panel of three.

*John R. Morgan,* for petitioner.

*Frank J. Rubinate,* with him, *James K. Martin,* for respondents.

Opinion by Judge MacPhail, March 8, 1985:

Marian S. Mitchell (Claimant) appeals from the decision and order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision granting compensation to Claimant. We affirm the decision of the Board.

Claimant's husband, Garner P. Mitchell (Decedent), died in his garage at home on Saturday, December 5, 1981. The Decedent, an employee of 4-J Harvestore Systems, Inc. (Harvestore), served as a consultant/salesman of Harvestore products to farmers. The referee found that Decedent's work required him to call on the farmers during the evening and on weekends. The referee also found that Harvestore supplied the Decedent with a car for both work and personal use and paid the maintenance and repair costs for the vehicle.

With respect to the circumstances of the fatal accident, the referee found the following facts: Decedent had backed the car into his garage to change a tire; Decedent let the engine run in order to heat the garage; the Decedent was under the car for the purpose of checking the differential or otherwise examining the underside of the car; Claimant found Decedent lying on his back under the rear of the car; and Decedent died as a result of carbon monoxide poisoning. On the basis of these findings, the referee concluded as a matter of law that the Deceased suffered a work-related injury and that his fatal injury was compensable.

Harvestore appealed the referee's decision to the Board. Without taking additional evidence, the Board reversed, holding that there was no causal connection between Decedent's employment as a farm advisor and sales consultant and his death. Claimant's appeal to this Court followed.

Section 301(c)(1) of the Pennsylvania Workmen's Compensation Act[1] states:

> (1) The terms "injury" and "personal injury," as used in this act, shall be construed to

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury. . . . The term "injury arising in the course of his employment," . . . shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . .

Our scope of review is limited to a determination of whether the findings of fact made by the referee are supported by substantial evidence and whether there has been a constitutional violation or error of law. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). It was Claimant's burden to establish that Decedent's death was related to his employment. *Marincov v. Workmen's Compensation Appeal Board (City of Washington)*, 71 Pa. Commonwealth Ct. 194, 454 A.2d 670 (1983). Claimant need only show that Decedent's injury arose in the course of employment and was related thereto. *Krawchuk*. Where, as here, the Board has taken no additional evidence, the referee is the ultimate fact finder. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981). Whether Decedent was in the course of employment at the time of his fatal injury is a question of law to be determined on the basis of the findings of fact, *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa. Commonwealth Ct. 596, 464 A.2d 675 (1983), and the determination of that issue is subject to our review.

*Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Ind.),* 69 Pa. Commonwealth Ct. 241, 451 A.2d 10 (1982).

An examination of the record convinces us that the referee's finding that Decedent suffered a fatal work-related accident while engaged in the furtherance of his employer's business is not supported by the evidence. Our review of the record discloses that Decedent died on a Saturday after returning in the afternoon from a personal visit to his brother's home. Although Decedent was frequently required to call on farmers on the weekend, this was not for emergency purposes but rather as a convenience to the farmers who were more readily available then and in the evenings than at other times. Decedent had not used the company car for work on the day he died. The Decedent and Claimant planned to spend Saturday evening at home watching television. Decedent had no business calls scheduled for Saturday or Sunday. His next scheduled business activity was a sales presentation to be made on the Tuesday following his death. Significantly, although the referee found that Decedent occasionally worked on the car himself, he also found that all maintenance and repair costs were paid by Harvestore. Decedent also had a personal car available for his use. The record simply does not support the conclusion that the Decedent was in the course of his employment when he changed the tire. He had no immediate need for the car to carry out his employer's business. We cannot construe an injury occurring at an employee's own home following Decedent's pursuit of personal affairs as having arisen in the furtherance of the business of his employer. *See Hepp v. Workmen's Compensation Appeal Board (B. P. Oil Co.),* 67 Pa. Commonwealth Ct. 330, 447 A.2d 337 (1982).

Claimant cites three cases in our Superior Court in support of her contention that she met her burden of proof here. In all three cases, the employee was found dead while repairing a vehicle in a closed garage. In *Stevens v. C. B. Parker Co., Inc.,* 108 Pa. Superior Ct. 520, 165 A. 665 (1933), the Superior Court reversed a trial court decision affirming the grant of benefits by the referee and Board. The decedent was a traveling salesman using his own car. His death occurred on a regular work day. The Court held that since there was no evidence that the decedent actually started or even intended to conduct the employer's business on the day he died, he was not furthering his employer's business. That result is not helpful to the Claimant here, of course. In *Green v. Hiestand,* 103 Pa. Superior Ct. 515, 157 A. 44 (1931) and *Beck v. Ashton,* 124 Pa. Superior Ct. 307, 188 A. 368 (1936), the decedent in each case was clearly involved in the employer's business when the accidental deaths occurred. In *Green,* the decedent had made some customer calls and intended to make more when his car gave him trouble and he stopped to repair it. In *Beck,* the decedent had called his office in the morning for someone to come to his home to repair his car to enable him to get to work. Before that employee arrived, the decedent undertook to repair the car himself. It is patently clear that both cases are factually distinguishable from the one now before us.

Having decided that Decedent's fatal injury is not compensable because it did not occur in the course of his employment, we need not consider whether Decedent's death was work related. *See Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981).

ORDER

The order of the Workmen's Compensation Appeal Board, dated December 1, 1983, No. A-85472, is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent from the scholarly, well-argued position of the majority.

The Board in this matter has clearly entered into independent fact-finding, without taking additional evidence to support such. This violates the long-standing doctrine first elucidated in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), that the referee is the ultimate fact finder where the Board, itself, has taken no additional evidence.

The facts as found by the referee show that decedent died while changing a tire, on a company car. Decedent frequently used the vehicle in connection with his work, during evening hours and on weekends to call on farmers. Therefore, the fact that decedent's death occurred on a Saturday night in no way affects the legal conclusion that this changing of the tire was in the course of his employment.

The Board, however, indicates in its discussion of the evidence that it did not believe that decedent was changing the tire, but instead intimates that decedent committed suicide. It is clearly prohibited from doing this.

The Board stated that:

[T]here is absolutely no causal connection between decedent's work as a farm advisor and sales consultant and his death. The running

of a motor vehicle in a closed garage, and the act of lying under it is more an abandonment of employment not unlike the drunk driving cases or drug abuse cases wherein compensation for deaths have been denied as not work related. . . . This board cannot find any testimony or inference that the decedent suffered a fatal accident while engaged in the furtherance of the employer's business particularly when the decedent was found lying on his back with his head under the rear of the car in a garage filled with automobile exhaust fumes. (Citations omitted.)

The referee found that decedent did not commit suicide. His findings are supported by substantial evidence. A review of the record reveals that this suicide hypothesis was also rejected by the Pennsylvania State Police and the County Coroner's Office following independent investigations.

The factual determination to be made, in this case, is whether decedent died while in the course of changing the tire on the automobile. This was determined by the referee and cannot be disturbed by the Board.

The legal determination to be made is whether the changing of the tire occurred in the course of decedent's employment.

The Board first altered the factual findings of the referee and, based upon this alteration, drew its legal conclusion. Such bootstrapping is clearly prohibited by the applicable case law.

It is clear that changing a tire under circumstances as described in this case is within one's employment.

In *Beck v. Ashton,* 124 Pa. Superior Ct. 307, 188 A. 368 (1936), the court held that decedent's death

occurred within the course of his employment and upheld the award of compensation to decedent's wife. In *Beck*, as in the instant case, decedent was subject to call at any time day or night and in the discharge of his duties, it was necessary to use an automobile. Decedent died of carbon monoxide poisoning while he was attempting to make certain that the car could be placed in the immediate use for business purposes. His body was found lying beside the car in his garage. The Court, prior to awarding compensation, stated that "while the automobile was not transporting the deceased at the time of the accident, it was being used in the sense that he was working with it so that it might be made available for his transportation, which was to his employer's advantage." *Id.* at 312.

In the case at bar, decedent's death arose in the course of his employment, was related to his employment, and was sustained while decedent was actually engaged in the furtherance of the business or affairs of his employer.

Accordingly, I would reverse the Board's order and reinstate the award of compensation to the claimant.