519 A.2d 543

Kovalchick Salvage Co., Petitioner *v.* Workmen's Compensation Appeal Board (St. Clair (Admx.) Williams, deceased), Respondents.

Submitted on briefs October 15, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Charles G. Brown, Dickie, McCamey & Chilcote, P.C.,* for petitioner.

*Francis J. Carey,* for respondent, Ann A. St. Clair, Administratrix of the Estate of Harold R. Williams, deceased.

OPINION BY JUDGE MACPHAIL, December 23, 1986:

Kovalchick Salvage Company (Petitioner) appeals an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to award death benefits to Claimants, the dependents of Harold R. Williams. We affirm.

Mr. Williams was employed as a salvage foreman by Petitioner working with a crew that traveled to various

job sites away from Petitioner's Indiana, Pennsylvania place of business. In late February and early March, 1975, Williams' crew was employed at a site in Saxton, Pennsylvania. The crew worked in Saxton during the week and on Friday traveled back to Indiana to pick up their paychecks and spend the weekends at home. On Monday morning, the crew traveled back to Saxton for the week's work. All traveling was done in Petitioner's company car with Williams and certain other employees sharing the driving.

On Friday, March 7, 1975, the crew returned to Indiana, stopping along the way, as found by the referee, to have a few drinks. After picking up their paychecks, Williams drove the crew members home. On the way to his own home, still driving the company car, Williams was involved in a head-on collision with another vehicle. Both drivers were killed instantly. According to a coroner's report, Williams had a .26% blood alcohol content at the time of the accident.

Williams' dependents filed a Fatal Claim Petition and benefits were awarded, the referee finding that Williams was killed in the course of employment. On appeal to the Board, the matter was remanded to the referee because the findings of fact on whether Williams' accident did occur in the course of employment were inadequate for purposes of review.

On remand, another referee awarded benefits, making almost identical findings of fact and conclusions of law as the previous referee. The Board remanded the case once again because the referee did not consider testimony of Petitioner's witness, Dr. Charles L. Winek, regarding the alcohol content of Williams' blood and the possible effect on his ability to drive safely.

A new referee's decision specifically noted that Dr. Winek's deposition testimony had been considered. The decision, however, included no finding on whether

Williams was under the influence of alcohol at the time of his fatal injury. The referee found, once again, that Williams was in the course of employment when he was killed and therefore awarded benefits. The Board affirmed the referee's decision finding that his conclusions were supported by substantial evidence. Petitioner's appeal of this order is now before us.[1]

Petitioner argues, first of all, that because Williams had a .26% blood alcohol content at the time of his accident, he was in violation of the law and therefore his death is not compensable. We do not agree.

Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431, provides that "no compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law. . . ." The employer, in such a situation, bears the burden of proof. *Id.*

We recognize that driving under the influence of alcohol constitutes a misdemeanor under Section 3731 of the Vehicle Code (Code), 75 Pa. C. S. §3731,[2] and that such a misdemeanor is a "violation of law" within the purview of Section 301 of the Act. *Abbotts Dairies v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 423, 393 A.2d 517 (1978). Further, a provision of the former Vehicle Code, in effect at the time of Williams' accident, provided that someone with a blood alcohol content of .10% or greater was

---

[1] By order entered October 15, 1986, this Court directed that the case would be submitted on Petitioner's brief only because Claimants advised the Court that they would not be filing a brief inasmuch as they had received the benefits they were seeking.

[2] A similar provision in effect at the time of Williams' accident was Section 1037 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1037, repealed by the Act of June 17, 1976, P.L. 162.

presumed to be under the influence of intoxicating liquor.[3]

In the instant case, there is evidence of record that Williams died with a .26% blood alcohol content. Petitioner, however, had the burden of proving that this degree of intoxication *caused* Williams' death, within the meaning of Section 301 of the Act. *Arnold Bakeries, Inc. v. Workmen's Compensation Appeal Board (Knowles)*, 80 Pa. Commonwealth Ct. 531, 471 A.2d 1329 (1984).

Our careful review of the record satisfies us that the referee was not presented with substantial evidence to support the critical finding of a causal connection between Williams' violation of the law and his death.[4] We conclude that Petitioner did not meet its burden of proof and therefore reject its argument that Williams' violation of law rendered his death uncompensable under Section 301(a) of the Act.

Petitioner also challenges the referee's conclusion that Williams was in the course of employment at the time of his death. This issue is a question of law to be determined on the basis of the referee's findings of fact and is subject to our review. *Mitchell v. Workmen's*

---

[3] Section 624.1 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162.

[4] Petitioner's witness, Dr. Winek, testified on cross-examination that he could not state what caused Williams' accident and did not know what significance his blood alcohol content had on his death. Reproduced Record (R.R.) at 171a and 174a.

In *Hemer v. Workmen's Compensation Appeal Board (Phillis)*, 71 Pa. Commonwealth Ct. 174, 454 A.2d 225 (1983), a case involving a similar set of facts, the referee found that the decedent's intoxication had caused his death and we specifically held that when an employee's death is *caused* by his violation of law we must affirm a denial of benefits.

*Compensation Appeal Board (4-J Harvestore)*, 88 Pa. Commonwealth Ct. 161, 489 A.2d 281 (1985).

The referee found as fact that Williams was in the course of his employment at the time of his death and therefore made the following conclusion of law: "That since Decedent [Williams] had not yet reached his home after having been out of town working for the entire week, the accident having occurred on a Friday evening, and operating a company owned vehicle, it must be concluded that he was still in the course of his employment." Reproduced Record at 197a.

Petitioner argues that because Williams and his crew stopped on the way home from Saxton for a few drinks and because Williams did not leave the company car at Petitioner's office in Indiana, as he was allegedly instructed to do, Williams could not have been in the course of employment at the time of his death. We do not agree.

It is within the referee's discretion to resolve conflicts in testimony and questions of credibility, *Stewart v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 266, 439 A.2d 1304 (1982), and he may reject the testimony of any witness in whole or in part. *Pasquarello v. Workmen's Compensation Appeal Board (Bechtel Power Corp.)*, 97 Pa. Commonwealth Ct. 307, 509 A.2d 933 (1986). If supported by substantial evidence, we are bound to accept the referee's findings. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

The referee was presented with conflicting testimony as to how many drinks Williams consumed on the return trip to Indiana. He found as fact, however, that Williams and his crew had a "few" drinks and still concluded that this did not remove him from the course of his employment. This Court has held that minor

deviations for personal comfort or leisure do not break the chain of conduct "in the course of employment." *Workmen's Compensation Appeal Board v. Plum Borough*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). In *Maher v. Hallmark Cards, Inc.*, 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966), the decedent had stopped on the way home for six hours at a hotel and drank four to six beers with other employees. The Court affirmed the Board's conclusion that the decedent was still in the completion of the employer's tasks when he started home and that the deviation was not disqualifying. We conclude, as did the Board, that the referee's conclusion in the instant case is supported by substantial evidence.

Petitioner also argues that it presented evidence before the referee regarding a new policy instituted for the use of its company car. According to this testimony, the crew had been instructed to leave Petitioner's car at the office in Indiana and place the keys in the mailbox.[5] The car was not to be used to transport the crew home from Petitioner's office, but was to be left at the office for the weekend when the crew stopped to pick up their paychecks.

Williams' co-workers, however, testified that they had not been informed of this new policy. They claimed that the company car had always been used to deliver them directly to their homes after returning from an out-of-town job site, and that they believed it was part of Williams' job to drive them home.[6]

In reaching his conclusion that Williams died in the course of employment, the referee apparently rejected Petitioner's testimony as to the company car policy, as it was within his discretion to do. *Pasquarello*. We con-

---

[5] R.R. at 48a.

[6] *See* R.R. at 21a, 28a, and 36a.

clude that the referee's decision is supported by substantial evidence.

We accordingly affirm the Board's order affirming the referee's decision to award benefits to the Claimants herein.

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is affirmed.