575 A.2d 168

**Patrick WAGNER, Decedent, Kathleen Wagner Carrig, Widow, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROGERS CURTIS MATHES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 16, 1990.

Decided May 16, 1990.

174

Richard E. Bordonaro, Knox, McLaughlin, Gornall & Sennett, P.C., Erie, for petitioner.

Joseph F. Grochmal, with him, James A. Mazzotta, Fried, Kane, Walters & Zuschlag, Pittsburgh, for respondent, Rogers Curtis Mathes.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

■ Kathleen Wagner Carrig (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying her Fatal Claim Petition under Section 301(a) of The Pennsylvania Workmen's Compensation Act.[1] We affirm.

The referee found the following to be fact and the claimant has not disputed it. The claimant last saw Patrick Wagner (decedent) at approximately 12:50 p.m. on December 9, 1984, the day of his death. He had not had anything to drink at home and appeared to be sober with no signs of intoxication when he left. He then went to his brother's home to watch a football game. He was a store manager for Rogers Curtis Mathes (employer) where he was required to return to work at 5:00 p.m. that day in order to take the money out of the register and to secure the store. At 5:15 p.m., he came to a stop at a railroad crossing behind another vehicle which had stopped because the crossing gate was down and the warning lights were flashing. The train's whistle could also be heard at this time. He pulled around the vehicle stopped in front of him and proceeded around the crossing gate to a point where he impacted the

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 431 which provides in pertinent part:

Every employer shall be liable for compensation for personal injury to, or for the death of such employe, by an injury in the course of his employment.... Provided, That no compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer....

train and was fatally injured. Following the accident, the coroner of Erie County removed blood from the decedent, which was subsequently tested and found to have an alcohol content of 0.153%.

Based upon the preceding facts, the referee made the following findings which are the subject of the claimant's appeal:

12. Taking into consideration all the testimony in the record, including the [sic] but not limited to, the Decedent's blood alcohol level and the testimony of the eye witnesses to the accident, your Referee finds as fact that on December 9, 1984 when the Decedent met his death he was driving while under the influence of intoxicating liquor while in violation of Section 3731 of the Pennsylvania Motor Vehicle Code. Said violation is a misdemeanor.

13. Taking into consideration all the testimony in the record, your Referee further finds as fact that the death of the Decedent was the result of his being under the influence of intoxicating liquor.

Referee's Decision at 4, Reproduced Record at 71(a).

The claimant argues first that the referee's finding of a violation of Section 3731 of the Vehicle Code[2] was not supported by the required clear and convincing evidence. *Ogden v. Workmen's Compensation Appeal Board (Carolina Freight Carriers Corp.)*, 127 Pa.Commonwealth Ct. 286, 561 A.2d 837 (1989). Section 3731(a) defines driving under the influence of alcohol:

(a) Offense defined. A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

. . . .

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

The claimant relies upon the testimony of two witnesses who had seen the decedent shortly before the accident and testified that he showed no signs of intoxication. While the

2. 75 Pa.C.S. § 3731.

referee may have summarized the testimony of these witnesses in his findings of fact, noticeably absent at the conclusion of each of these findings is any statement that the referee accepted *this* testimony as fact. Since such a statement was included in all of the other findings which addressed contested issues, it is apparent that this omission was intentional and that the referee chose not to accept the testimony.

The employer, on the other hand, introduced the testimony of both the coroner who took the blood samples and a toxicologist who testified that the decedent's blood test revealed a blood alcohol content of 0.153%. Although neither of these witnesses testified to the effect that an alcohol content of 0.153% would have had on the decedent, such testimony is not necessary to show a violation of Section 3731(a)(4) of the Vehicle Code.

In *Commonwealth v. Speights*, 353 Pa.Super.Ct. 258, 509 A.2d 1263 (1986), *petition for allowance of appeal denied*, August 7, 1987, the Superior Court addressed the use of blood alcohol tests to prove violations of Section 3731(a)(4):

> Accordingly, we hold that blood alcohol test results can—by themselves, without explanation by expert testimony, suffice to support a conviction under subsection 3731(a)(4) but that blood alcohol test results do not compel the trier of fact to find a defendant guilty of violating subsection 3731(a)(4) where there is competent evidence of record challenging said test result.

*Id.*, 353 Pa.Superior Ct. at 266, 509 A.2d at 1267. Since the employer introduced, and the referee accepted, evidence which was sufficient to prove a violation of Section 3731(a)(4) beyond a reasonable doubt, the employer's evidence is also sufficient to support the referee's finding of the decedent's violation by the clear and convincing evidence standard.

However, the claimant also argues that, even if the decedent had violated Section 3731(a)(4), the employer failed to prove that this accident was caused by that violation. As we have already determined, the referee here did not accept

the testimony of the claimant's two witnesses who stated that the decedent did not appear to be intoxicated shortly before the accident. The evidence which the referee *did* find persuasive consisted of the police accident report, the statements of two witnesses which reported that the decedent drove around a car and the crossing gate, past the flashing lights, and into the train even after the train whistle had sounded, and the test results indicating that the blood alcohol content of the decedent was 0.153%.

In *Carey v. Workmen's Compensation Appeal Board (General Electric Co.)*, 72 Pa.Commonwealth Ct. 10, 455 A.2d 774 (1983), we held that the testimony of three witnesses who saw Carey disregard the barricade and flashing lights at a railroad crossing, and a blood test showing a blood alcohol content of 0.149% were sufficient to support the referee's finding that Carey's accident was the result of his violation of Section 3731 of the Vehicle Code. The remarkably similar facts in this case lead us to the same conclusion.

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 16th day of May, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent.

In *Kovalchick Salvage v. Workmen's Compensation Appeal Board (St. Clair)*, 102 Pa.Commonwealth Ct. 562, 519 A.2d 543 (1986) we held that where a referee was not presented with substantial evidence that the violation of the law caused the death, the employer did not meet the burden of establishing that the death was not compensable within the meaning of Section 301(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 431. *Id.*, 102 Pa.Commonwealth Ct. at

566, 519 A.2d at 545. In the present controversy, in the absence of testimony regarding the effect of decedent's blood alcohol content, the referee's critical finding of causation is unsupported by substantial evidence. Accordingly, I would reverse.