619 P.2d 570

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Alex HERNANDEZ,
Defendant–Appellant.**

No. 4596.

Court of Appeals of New Mexico.

Sept. 30, 1980.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

Thomas B. Root, Albuquerque, for defendant–appellant.

OPINION

WALTERS, Judge.

The defendant was convicted of battery upon a police officer. On appeal, his appellate counsel (who did not represent Hernandez at trial and did not prepare the docketing statement, *see* N.M.R.Crim.App.P. 205(b), N.M.S.A.1978) argues four points for reversal. Each is considered below, and rejected.

■ 1. Appellant contends that because his trial commenced one day before the mandate of this court was issued on our denial of his interlocutory appeal, the trial court had no jurisdiction to try or convict him.

The argument is not sound. Allowance of an interlocutory appeal is discretionary with the appellate court. N.M.R.Crim. App.P. 203; §§ 39-3-3 A(3), 39-3-4, N.M.S. A.1978. When the permission to appeal from an interlocutory order is denied, the appellate court never assumes jurisdiction of the matter. Consequently, jurisdiction remained in the trial court and there was nothing to prevent the trial court from proceeding to try the pending case. *Compare* the provisions of § 39-3-4 C, N.M.S.A.1978.

■ 2. The charge against Hernandez was battery upon a police officer. He argues that he was entitled to an instruction on the lesser included offense of simple battery. The issue was not included in the Docketing Statement and therefore is not before us for review. R.Crim.App.P. 501(a)(2); *State v. Alderete*, 88 N.M. 619, 544 P.2d 1184 (Ct.App.1976).

3. Defendant's third point and fourth point are related. He contends he was illegally detained and thereafter illegally arrested by the police officer, not having committed a crime at the time he was told to shut off the engine of his car and remain where he was until the officer had found out what was going on at the address to which he had been dispatched. Defendant ignored the officer's directions and attempted to leave. The officer reached in and turned off the ignition. Defendant swore at the officer and again tried to start his car; the officer opened the car door and attempted to remove the keys, advising defendant he was under arrest for driving while intoxicated, for disorderly conduct, and for not having a driver's license. Defendant moved to the passenger side and put his feet up against the driver's doorpost and the steering wheel. Other officers arrived and all of them together tried to remove defendant from the car. He began kicking and cursing, and managed to deliver eight or nine kicks upon the officers.

Defendant's theory that detention by a police officer is allowable only when there is reasonable suspicion of a crime committed or about to be committed, or when exigent circumstances permit a brief stop to ask only identity and "a few questions . . . which defendant need not answer," is incorrect.

■ The officer had received information from the dispatcher describing defendant and his vehicle; reporting that he had been drinking, was leaving with a one-year old child, and was causing trouble at the residence to which the officer was sent. The officer knew defendant and recognized him when he approached the described car. A child was in the car with him. Defendant's brother-in-law was standing near the car and corroborated that he and the child's mother were concerned about defendant's leaving with the child because defendant had been drinking. The officer's order to defendant to remain there was reasonable. He was conducting an investigation of a reported disturbance in a routine manner, and in the "lawful discharge of his duties." See *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978), for a discussion of a police officer's authority when acting in good faith and carrying out his duties within the compass of what he is employed to do; and *State v. Garcia*, 83 N.M. 490, 493 P.2d 975 (Ct.App. 1972), where a detention under similar circumstances was recognized as a reasonable act in the performance of the duties of a police officer. The detention was not illegal.

■ Before defendant was arrested, he had driven the car several feet in the arresting officer's presence, and the officer had smelled alcohol and noted defendant's slurred speech. There was no lack of probable cause to arrest, *State v. Luna*, 91 N.M. 560, 577 P.2d 458 (Ct.App.1978); nor was the arrest, as defendant says, "illegal as the fruit of an illegal detention."

The judgment and conviction are affirmed.

WOOD, C. J., and HERNANDEZ, J., concur.