866 P.2d 1200

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**George BURCIAGA, Defendant– Appellant.**

**No. 14537.**

Court of Appeals of New Mexico.

Dec. 6, 1993.

**734**

Tom Udall, Atty. Gen., Theresa Welch, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## *OPINION*

APODACA, Judge.

On the basis of a plea agreement, Defendant was convicted and sentenced for driving while under the influence of intoxicating liquor. Defendant reserved the right to appeal the district court's order denying his motion to suppress. Defendant contends that all of the evidence against him was obtained as the result of an illegal stop because it was not based on reasonable suspicion or exigent circumstances. The State, however, has failed to argue that the stop was based on reasonable suspicion or exigent circumstances. Instead, it contends Defendant's stop was legal because it was "reasonable." We reject the State's proposed standard and agree with Defendant that the stop was illegal. We therefore reverse and remand for further proceedings consistent with this opinion.

## FACTS

Las Cruces Police Officers Thomas and Montoya were dispatched to the Burciaga family home in response to a call concerning a domestic dispute. The dispatch did not indicate that any crime had been committed or was being committed, nor did the dispatch indicate who was involved in the alleged dispute. On the way to the Burciaga residence, Officer Montoya noticed a truck on the road that he knew belonged to Defendant. Officer Montoya also knew that Defendant was associated with the Burciaga residence. It is not clear from the record whether Defendant lived at the house or was only related to the residents. The officer did not witness Defendant driving recklessly or suspect that he was driving while under the influence of intoxicating liquor. He simply notified central dispatch that he was going to stop Defendant to see if everything was "okay," while Officer Thomas continued to the Burciaga residence.

Officer Montoya stopped Defendant's vehicle by engaging his police siren and lights. Upon approaching Defendant's truck, the officer noticed that Defendant had bloodshot eyes. The officer also smelled a strong odor of alcohol. He administered field sobriety tests, which Defendant failed. Defendant was then arrested for driving while under the influence of intoxicating liquor.

Although the record of what facts were presented to the district court is somewhat unclear because the tape of one of the hearings on Defendant's motion to suppress is incomplete, both parties agree to the facts as outlined above and also stipulated in the district court that the facts were not in dispute. On appeal, the parties apparently disagree on the distance between the Burciaga residence and Defendant when Officer Montoya first saw him. The State has filed a motion to supplement the record in an attempt to settle this factual dispute. We deny the State's motion because it does not appear that the documents the State seeks to include in the record were actually presented to the trial court. *See State v. Lucero,* 90 N.M. 342, 345, 563 P.2d 605, 608 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977). In any event, we find it unnecessary to resolve the dispute concerning the distance; what is important is that Defendant was not at the residence and was in a moving vehicle.

## DISCUSSION

"The law is that a person is seized within the meaning of the [F]ourth [A]mendment (and thus the police must justify the

seizure by probable cause or reasonable suspicion) when, in view of all the circumstances, the person is accosted and restrained such that a reasonable person would have believed he or she was not free to leave." *State v. Baldonado,* 115 N.M. 106, 108, 847 P.2d 751, 753 (Ct.App.1992), *cert. denied,* 115 N.M. 145, 848 P.2d 531 (1993). When the police stop a moving vehicle by engaging a police vehicle's emergency lights and siren, as was done in this case, we believe that a reasonable person would believe he or she is not free to leave. *See Colorado v. Bannister,* 449 U.S. 1, 4 n. 3, 101 S.Ct. 42, 43 n. 3, 66 L.Ed.2d 1 (1980) ("There can be no question that the stopping of a vehicle and the detention of its occupants constitute a 'seizure' within the meaning of the Fourth Amendment."); *see also United States v. Hensley,* 469 U.S. 221, 226, 105 S.Ct. 675, 678–79, 83 L.Ed.2d 604 (1985). Because Officer Montoya stopped Defendant's moving vehicle by engaging his lights and siren, Defendant was seized within the meaning of the Fourth Amendment.

■ Ordinarily, to be justified, such a seizure would require a showing of reasonable suspicion or exigent circumstances. *Baldonado,* 115 N.M. at 108, 847 P.2d at 753. However, the State has never contended that the stop of Defendant's vehicle was made on the basis of reasonable suspicion or exigent circumstances. Thus, we specifically do not address the issue of whether the stop of Defendant's vehicle may have been justified by reasonable suspicion or exigent circumstances. Indeed, in its response to Defendant's motion to suppress, and again in its answer brief, the State argued that the stop in this case was lawful and justified for reasons *other than* reasonable suspicion or exigent circumstances. In particular, the State argues that the stop of Defendant's vehicle was justified under *State v. Hernandez,* 95 N.M. 125, 619 P.2d 570 (Ct.App.), *cert. denied,* 95 N.M. 299, 621 P.2d 516 (1980). Consequently, the issue presented is whether the police may stop a moving vehicle and detain a person in the absence of reasonable suspicion or exigent circumstances based on a standard of "reasonableness."

In *Hernandez,* this Court stated that the "theory that *detention* by a police officer is allowable only when there is reasonable suspicion of a crime committed or about to be committed, or when exigent circumstances permit a brief stop to ask only identity and 'a few questions ... which defendant need not answer,' is incorrect." *Id.* 95 N.M. at 126, 619 P.2d at 571 (emphasis added). We believe that this quoted statement must be read in the context of the specific facts in *Hernandez.* The Court in *Hernandez* noted that the police officer had received information from the dispatcher concerning a domestic dispute and specifically describing the defendant and his vehicle. In addition, the dispatcher reported that the defendant had been drinking, was causing trouble, and was leaving the residence with a one-year-old child. Upon arriving *at the residence,* the officer saw the defendant in the described car with a small child. Additionally, the defendant's brother-in-law was at the scene and corroborated the dispatcher's information. *Hernandez* also noted that the defendant ignored the officer's request to shut off the engine and remain where he was until the officer could assess the situation. Instead, the defendant attempted to leave. Based on these facts, *Hernandez* concluded that the police officer's detention of the defendant was a lawful and reasonable act in the performance of the officer's duties. *Id.*

Although the State contends that the facts of *Hernandez* are similar to the case before us, we consider *Hernandez* distinguishable. The information that the police officer relied on in this case was much less specific than the facts known to the officer in *Hernandez.* Officer Montoya knew only that Defendant was associated with the same residence where the reported domestic dispute had taken place and that Defendant was driving away from the residence. Unlike *Hernandez,* there was no indication that Defendant himself had been causing trouble at the residence, that a child's safety was at stake, or that Defendant had been drinking. Additionally, there was no independent corroboration of the dispatcher's report, unlike the corroborative statements of the defendant's brother-in-law in *Hernandez.* Finally, *Hernandez* involved the detention of the defendant *at the scene;* here, it is undisputed that Defendant was not at the residence. In sum-

mary, although the opinion in *Hernandez* did not rely on the legal concept of reasonable suspicion, the facts in that case may well have supported application of the principle.

Additionally, because the defendant in *Hernandez* was already stopped, the officer's conduct was much less coercive and intrusive than the conduct involved in this case, in which the officer pulled over and stopped Defendant's moving vehicle. Thus, the police officer's conduct in *Hernandez* may not have even triggered the protections of the Fourth Amendment. *See Baldonado*, 115 N.M. at 110, 847 P.2d at 755 (when officer pulls in behind stopped car and activates flashing lights, whether there has been a seizure depends on all the circumstances); *see also State v. Montoya*, 94 N.M. 542, 543–44, 612 P.2d 1353, 1354–55 (Ct.App.1980) (no violation of Fourth Amendment rights where, to investigate a burglary, officer approached defendant while defendant was sitting in his parked car).

The State argues that the police officer's conduct in this case was reasonable in light of the all-too-often violent nature of domestic disputes. We recognize that domestic disputes can become violent, and we do not intend to minimize the importance of responding to domestic disputes before they escalate to the level of criminal activity. However, under the specific facts of this appeal, the police officers had no knowledge of an actual crime being committed nor that Defendant was even involved in the reported dispute. On the contrary, Officer Montoya indicated that he stopped Defendant simply to see if everything was "okay" at the house. Although we recognize that police officers must sometimes approach and question citizens in the course of their duties, *See State v. Reynolds*, 117 N.M. 23, 868 P.2d 668 (Ct.App. 1993), this Court has previously rejected the argument that, in the absence of reasonable suspicion or exigent circumstances, an officer may restrain a person in order to question him. *State v. Lopez*, 109 N.M. 169, 172, 783 P.2d 479, 482 (Ct.App.), *cert. quashed*, 109 N.M. 131, 782 P.2d 384 (1989); *see also* 3 Wayne R. LaFave, *Search and Seizure* § 9.2(b), at 354–55 (2d ed. 1987).

Because the State has essentially conceded in the course of this proceeding that neither exigent circumstances nor reasonable suspicion justified the stop of Defendant, and because the facts of this case are distinguishable from those in *Hernandez*, we reverse the district court's order denying Defendant's motion to suppress all evidence obtained as a result of the illegal stop. Defendant's conviction is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

CHAVEZ and BLACK, JJ., concur.