884 P.2d 515

**Alvin APODACA, Petitioner–Appellant,**

**v.**

**STATE of New Mexico, TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

**No. 15458.**

Court of Appeals of New Mexico.

Aug. 29, 1994.

Certiorari Denied Oct. 12, 1994.

Sigmund L. Bloom, Albuquerque, for petitioner-appellant.

Tom Udall, Atty. Gen., Judith Mellow, Sp. Asst. Atty. Gen., Motor Vehicle Div., Santa Fe, for respondent-appellee.

## OPINION

HARTZ, Judge.

Licensee appeals the revocation of his driving privileges for ninety days, pursuant to NMSA 1978, Section 66-8-111(C) (Repl. Pamp.1987) (revocation for driving while under the influence of intoxicating liquor). A hearing officer of the state motor vehicle division sustained the revocation. The district court affirmed after Licensee petitioned the court for review. Licensee contends that certain evidence introduced at his license revocation hearing was the product of an unconstitutional stop and therefore should have been suppressed. He also argues that the hearing officer violated his right to due process by impermissibly acting as an investigator during the hearing, rather than limiting herself to an adjudicatory role. We affirm.

## FACTS

At the revocation hearing the arresting officer testified that he observed Licensee driving a motorcycle on Eubank Boulevard, a multi-lane street in Albuquerque. According to the officer, Licensee was weaving from the right side of his traffic lane to the left side in a continuous pendulum-type movement. In addition, Licensee's motorcycle was leaning from side to side during the weaving.

The officer admitted that the weaving did not cause him to suspect that Licensee was driving while intoxicated or was committing any other driving infraction. He testified that he stopped Licensee because he was concerned for Licensee's welfare. He thought Licensee might be injured or sick, or that something else might be wrong. When he approached Licensee after the stop, the officer detected a strong odor of alcohol and noticed that Licensee's eyes were bloodshot and his speech was slurred. At that point the officer required Licensee to perform several field-sobriety tests, all but one of which Licensee failed. Licensee was then taken to a police station where two breath-alcohol tests were administered. The tests revealed blood-alcohol levels exceeding the statutory limit.

## DISCUSSION

### Validity of Stop

█ Licensee contends that the stop that led to his arrest was unconstitutional because the officer had no reasonable suspicion that he had committed or was about to commit a crime. He points to the arresting officer's admission that he did not suspect Licensee was driving while intoxicated until after he stopped him and to the officer's testimony that Licensee did not commit any traffic infractions while the officer was observing him. We disagree with Licensee's contention that suspicion of a crime is the only basis upon which an officer may properly stop a moving vehicle.

This Court recently held that a police officer may stop a vehicle for a specific, articulable safety concern, even in the absence of reasonable suspicion that a violation of law has occurred or is occurring. *State v. Reynolds,* 117 N.M. 23, 25, 868 P.2d 668, 670 (Ct.App.1993), *cert. granted,* 117 N.M. 328, 871 P.2d 984 (1994). Such a stop is justified by the officer's role as a community caretaker. *Id.; see State v. Vistuba,* 251 Kan. 821, 840 P.2d 511, 514 (1992), *overruled on other grounds by State v. Field,* 252 Kan. 657, 847 P.2d 1280, 1286 (1993); *State v. Pinkham,* 565 A.2d 318, 319 (Me.1989); *State v. Martinez,* 260 N.J.Super. 75, 615 A.2d 279, 280–81 (Ct.App.Div.1992); *State v. Marcello,* 157 Vt. 657, 599 A.2d 357, 358 (1991); *cf.* 3 Wayne R. LaFave, *Search and Seizure* § 7.4(f) (2d ed. 1987) (officers may enter a vehicle without a warrant or reasonable suspicion if there is reason to believe the occupant is in distress and needs assistance). The scope of any intrusion following the stop must be limited to those actions necessary to carry out the purposes of the stop, unless, as here, reasonable suspicion or probable cause arises. *See Reynolds,* 117 N.M. at 26, 868 P.2d at 671.

Hence, the question before us is whether the arresting officer identified specific, articulable safety concerns that made his stop of Licensee's motorcycle reasonable. The officer described Licensee's peculiar driving behavior. Although such behavior may not always be the result of impaired function of the driver, it is not normal. *See White v. Oklahoma Dep't of Pub. Safety,* 606 P.2d 1131, 1132 (Okla.1980) (weaving within driver's own lane and driving unusually slowly provided reasonable suspicion to stop vehicle). Weaving like that described by the officer could well result from a driver's attempting to retain control of his motorcycle, or to resist the effects of drowsiness, illness, or a similar problem. The fact finder could properly determine that the officer had a reasonable basis to stop Licensee to ascertain whether he needed assistance. The stop did not violate Licensee's constitutional rights. *See Reynolds.* We need not decide whether weaving within one's own lane can provide reasonable suspicion that a law is being violated. *See White.*

Licensee relies on *State v. Burciaga,* 116 N.M. 733, 866 P.2d 1200 (Ct.App.1993), where we stated that "in the absence of reasonable suspicion or exigent circumstances, an officer may [not] restrain a person in order to question him." *Id.* at 736, 866 P.2d at 1203. In *Burciaga,* however, there was no information indicating that the driver who was stopped might be in physical difficulty or need assistance. *Burciaga* cited *Reynolds* with approval. There is no inconsistency between *Burciaga* and our holding that a specific, articulable safety concern justifies a vehicle stop.

Unlike the defendant in *Reynolds,* 117 N.M. at 26, 868 P.2d at 671, Licensee has not challenged the officer's actions following the stop. Having determined that the stop was valid, we therefore hold that the district court properly refused to suppress evidence obtained as a result of that stop.

## Violation of Due Process

In the course of the revocation hearing, a question arose as to which breath-alcohol-testing machine had been used to test the level of alcohol in Licensee's blood. Identification of the machine was necessary to prove that it had been properly calibrated at the time Licensee was tested. The hearing officer went off the record and apparently obtained certain logs that had been submitted to the Motor Vehicle Division and were being kept in its files. Using these logs, the arresting officer was able to identify which machine was used to test Licensee and was able to show that the machine had been properly calibrated. Licensee contends that the hearing officer's actions violated his right to due process because she impermissibly acted as an investigator and prosecutor by obtaining the documentary evidence and admitting it at the hearing.

We decline to address Licensee's argument because it was not preserved below. *See* SCRA 1986, 12–216(A) (Repl.1992) (to preserve a question for appellate review, a ruling on that issue must have been invoked below). Licensee did not object to the hearing officer's actions at the hearing. His only objection to the log was that the evidence

was speculative because the officer had no independent recollection of which machine had been used and could not say that the log was in fact the log of the machine upon which Licensee was tested. Licensee's petition to the district court raised no due process or commingling-of-functions argument, instead limiting the issues to an attack on the validity of the original stop and an assertion that the Division did not sufficiently prove which machine had been used to test him or that the machine had been properly calibrated. The district court's decision addressed only those arguments.

We leave to another day, on a fully developed factual record, the limitations on a hearing officer's conduct of a revocation hearing. *See Wing Pawn Shop v. Taxation & Revenue Dep't,* 111 N.M. 735, 743, 809 P.2d 649, 657 (Ct.App.1991). *Compare, e.g., Marsh v. Harris,* 632 F.2d 296, 299 (4th Cir.1980) (administrative law judge (ALJ) is required to inquire fully into each issue; this duty is especially important when a party appears without counsel; ALJ must probe into and explore for all relevant facts) *and NLRB v. American Art Indus.,* 415 F.2d 1223, 1227 (5th Cir.1969) (administrative agency's trial examiner has the right to cross-examine witnesses to ensure that the facts are clearly and fully developed), *cert. denied,* 397 U.S. 990, 90 S.Ct. 1122, 25 L.Ed.2d 397 (1970), *and cert. denied,* 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971) *with Davis v. Wood,* 427 A.2d 332, 337 (R.I.1981) (hearing officer "must not attempt to establish proof to support the position of any party") *and Bruteyn v. State Dental Council & Examining Bd.,* 32 Pa.Cmwlth. 541, 380 A.2d 497, 502 (1977) (attorney cannot both prosecute the case and advise the tribunal).

We affirm the district court's decision.

**IT IS SO ORDERED.**

DONNELLY and FLORES, JJ., concur.