2003-NMCA-071

69 P.3d 251

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**David JOE, Defendant–Appellee.**

**No. 22,993.**

Court of Appeals of New Mexico.

March 19, 2003.

Certiorari Denied, No. 28,019, May 5, 2003.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellant.

John B. Bigelow, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} The State appeals the trial court's suppression of evidence, which suppression underlay a directed verdict on the count of failure to display headlamps, contrary to NMSA 1978, § 66-3-802 (1978), and which suppression precipitated a mistrial on the other counts of traffic-related offenses. We affirm.

## FACTS AND PROCEDURAL HISTORY

{2} On the evening of July 12, 2001, Defendant was seen by San Juan County Sheriff's Deputy Eric Jiles driving at sunset in a car without its headlamps illuminated. Deputy Jiles testified that it was very dark, overcast, very cloudy, and black at 8:31 p.m., and that all the other cars on the road had their headlamps illuminated. Both parties stipulated that the sun set that night at 8:33 p.m. Deputy Jiles turned his car around, drove up behind Defendant, and pulled Defendant over to advise him to turn his lights on. As he approached the car, Deputy Jiles saw a 40-ounce can of beer on the rear floor, smelled a strong odor of alcohol on Defendant, and observed that Defendant had bloodshot and watery eyes. Deputy Jiles administered several field sobriety tests, which Defendant failed. A subsequent blood test revealed that Defendant's blood alcohol content was .17. Defendant was charged with driving a vehicle under the influence of intoxicating liquors, driving a motor vehicle on the highway with an open container of alcohol, failure to carry evidence of financial responsibility, driving on the highway without headlamps at a time when there was not

sufficient light to render clearly discernible persons and vehicles at a distance of 500 feet (the Section 66–3–802 offense), and driving a vehicle without a current registration.

{3} Defendant moved to suppress evidence obtained as a result of the stop, alleging that the stop itself was illegal. At the suppression hearing, Deputy Jiles testified that he would have been unable to see Defendant's car at 500 feet away without his headlights. *See* § 66–3–802 (requiring headlamps on vehicles when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet). He also testified that he stopped Defendant for safety reasons and only stopped him to advise him to turn on his headlamps. The trial court denied the motion to suppress.

{4} At trial, Deputy Jiles testified three different times that he could see Defendant's car at approximately 500 *yards* away. He testified that he could clearly discern the vehicle at 500 yards away, and that he never lost sight of Defendant's car.

{5} After the State presented its case, Defendant renewed his motion to suppress based on Deputy Jiles' testimony at trial. The trial court granted the motion based on the new evidence of 500 yards of visibility, and issued a directed verdict on the Section 66–3–802 count. The trial court then directed a mistrial on the other counts because the jury had heard evidence that should have been suppressed. The State now appeals the granting of the motion to suppress.

## MOTION TO SUPPRESS

### Standard of Review

{6} When reviewing the trial court's ruling on a motion to suppress, we determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party. *State v. Cline*, 1998–NMCA–154, ¶ 6, 126 N.M. 77, 966 P.2d 785. "As a general rule, we will indulge in all reasonable presumptions in support of the [trial] court's ruling." *State v. Gonzales*, 1999–NMCA–027, ¶ 15, 126 N.M. 742, 975 P.2d 355. We review evidence in the light most favorable to the trial court's decision, and we indulge the inferences drawn by the trial court even though, with

similar facts, another trial court may have drawn different inferences. *See State v. Anderson*, 107 N.M. 165, 168, 754 P.2d 542, 545 (Ct.App.1988).

## Discussion

{7} The State argues that Deputy Jiles' uncontradicted testimony supports the stop as a community caretaking encounter and supports that he had a reasonable suspicion of a traffic violation, and therefore the trial court erred in its application of the law to the facts in granting the motion to suppress.

{8} A police officer may lawfully stop a vehicle for a specific, articulable safety concern. *Apodaca v. State ex rel. Tax & Revenue Dep't*, 118 N.M. 624, 626, 884 P.2d 515, 517 (Ct.App.1994). A police officer may also stop a vehicle if the officer has a reasonable suspicion, based on articulable facts, that the law has been or is being violated. *State v. Munoz*, 1998–NMCA–140, ¶ 8, 125 N.M. 765, 965 P.2d 349. A stop may be valid if the officer's observations provide reasonable grounds to believe a statute is being violated or that the vehicle constitutes a safety hazard, even if the officer has an incorrect understanding of the law. *Id.* ¶ 9. The statute at issue states:

Every vehicle upon a highway within this state at any time from a half-hour after sunset to a half-hour before sunrise and at any time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated.

Section 66–3–802.

{9} The State also relies on *Gonzales*, 1999–NMCA–027, ¶ 16, 126 N.M. 742, 975 P.2d 355, which states that this Court will not presume that the trial court has rejected uncontradicted testimony. If uncontradicted testimony is rejected based on a determination of credibility, the trial judge must expressly so indicate. *Id.* The State asserts

that because the trial court heard only the uncontradicted testimony of Deputy Jiles and did not enter a finding that he was not credible, this Court must accept as true the evidence from the suppression hearing and the trial. The State further asserts that the trial court mistakenly believed there was confusion over the distance at which Defendant's vehicle was visible and that Deputy Jiles consistently maintained that he believed conditions made it unsafe to drive without headlamps.

{10} After the suppression hearing at which Deputy Jiles testified that he would not have been able to clearly see Defendant's vehicle at 500 feet without his headlights, the trial court found that Deputy Jiles had reasonable suspicion to make the stop. At that hearing, the State argued, and the trial court considered, articulable facts regarding both the statute at issue and that Deputy Jiles regarded this stop as necessary for public safety/community caretaking. However, Deputy Jiles then contradicted his earlier testimony and at trial testified on direct examination and on cross-examination that he could see Defendant's vehicle clearly at 500 yards. There was no testimony at either the suppression hearing or the trial about whether Deputy Jiles' headlights actually illuminated Defendant's vehicle. Thus, we determine that *Gonzales* is not controlling here because there was contradicted testimony: Deputy Jiles contradicted himself. *See Gonzales,* 1999–NMCA–027, ¶ 16, 126 N.M. 742, 975 P.2d 355. Deputy Jiles also testified that it was very cloudy and black outside, making it hard to see; that he thought it was necessary to have headlamps on at that time; and that all the other vehicles on the road had headlamps illuminated.

{11} At the renewed hearing on the motion to suppress, the trial judge again considered whether there was reasonable suspicion that the statute was being violated and whether there was a public safety basis for the stop. The trial judge stated that, based on the new evidence of 500 yards of visibility testified to by Deputy Jiles, he would grant the motion to suppress. The trial judge noted that 500 yards was triple the statutory distance and that the sun was only just setting, which was

sufficient for a directed verdict on that count. *See* § 66–3–802. The trial judge reiterated that Deputy Jiles stated more than once that he could see the vehicle at 500 yards. Furthermore, the trial judge noted that with visibility of 500 yards, there was no reason at all to pull over Defendant's car. The order granting the motion to suppress articulates these findings in writing, noting that because Defendant's vehicle was visible from the "equivalent of five football fields away," there was no safety concern or reasonable suspicion of a statutory violation, and therefore the vehicle stop was illegal. The order finds that all evidence obtained from the stop must be suppressed. Based on our standard of review, looking at the evidence in the light most favorable to the prevailing party, we see no reason to disturb the trial court's ruling.

{12} We understand the serious nature of Defendant's charges, and we agree with the State that an officer may stop a vehicle solely for safety concerns such as the one at issue here, even if his understanding of the law is incorrect. *See Munoz,* 1998–NMCA–140, ¶ 9, 125 N.M. 765, 965 P.2d 349. However, an officer must have a reasonable and articulable basis for a stop, even for public safety issues. *See Apodaca,* 118 N.M. at 626, 884 P.2d at 517. We also note that "[c]onflicts in the evidence, even within the testimony of a witness, are to be resolved by the fact finder at trial." *State v. Jason L.,* 2000–NMSC–018, ¶ 10, 129 N.M. 119, 2 P.3d 856.

{13} The trial court believed Deputy Jiles' trial testimony that he could see Defendant's vehicle from 500 yards away. This testimony could reasonably have cast into question Deputy Jiles' testimony concerning the necessity for headlamps. This Court will not weigh evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the trial court's ruling. *State v. Mora,* 1997–NMSC–060, ¶ 27, 124 N.M. 346, 950 P.2d 789; *Anderson,* 107 N.M. at 167–68, 754 P.2d at 544–45. The evidence the trial judge considered in making his ruling was the stipulation that the stop took place just at sunset and that Deputy Jiles could see Defendant's car ahead, with-

out headlamps, at 500 yards away. The trial judge could infer that 500 yards is too far for Deputy Jiles' headlights to illuminate an oncoming car.

{14} Therefore, none of the elements of the statute are met. We also think it reasonable to infer, as the trial judge did, that 500 yards of visibility does not present a safety issue, even on a cloudy day and even if Deputy Jiles testified that he thought it was too dark to drive without headlamps. We hold that the trial court's finding that the stop of Defendant's vehicle was illegal, was supported by sufficient evidence, and that the trial court correctly applied the facts to the law.

**DIRECTED VERDICT**

{15} The State asks this Court to reverse the order for a directed verdict on the count of failure to display headlamps because the trial court erred when it determined there was insufficient evidence. The State seems to argue that if we reverse the order granting the motion to suppress there would be sufficient evidence for the jury to decide on this count. However, the State does recognize that double jeopardy may bar a retrial on that charge.

{16} A defendant is placed in jeopardy when the defendant's guilt or innocence is placed before the trier of fact. *State v. Davis*, 1998–NMCA–148, ¶ 12, 126 N.M. 297, 968 P.2d 808. When, as here, the trial court issues a directed verdict because it determined that the State did not produce sufficient evidence to carry its burden at trial, that verdict is an acquittal on that count. *See County of Los Alamos v. Tapia*, 109 N.M. 736, 739–40, 790 P.2d 1017, 1020–21 (1990). It has long been settled that, after acquittal, a defendant cannot be prosecuted again on the same charge. *Id.* at 737, 790 P.2d at 1018. We hold that double jeopardy bars a retrial on the charge of failing to display headlamps.

**CONCLUSION**

{17} We affirm the order suppressing evidence and remand the remaining counts to be tried, if the State has sufficient evidence apart from the evidence we hold the trial court was correct in suppressing.

{18} **IT IS SO ORDERED.**

I CONCUR: A. JOSEPH ALARID, Judge.

IRA ROBINSON, Judge (Dissenting).

ROBINSON, Judge (Dissenting).

{19} The Defendant, David Joe, was charged by Criminal Information, San Juan County CR 2001–609–1, with the crimes of: 1. Persons Under the Influence of Intoxicating Liquor or Drugs (fourth or subsequent offense—a fourth degree felony); 2. Open Container (a misdemeanor); 3. Evidence of Financial Responsibility (a misdemeanor); 4. Failure to Use Headlights when Required (a misdemeanor); 5. Improper Registration (a misdemeanor). At a rehearing on Defendant's motion to suppress evidence of the stop on the no-headlights violation, the trial court suppressed the evidence, directed a verdict, and declared a mistrial on the other charges.

{20} I dissent because the trial court incorrectly concluded that Deputy Jiles contradicted himself and should therefore not be believed. The trial court concluded, at an earlier hearing, that the evidence of the no-headlight violation should not be suppressed. The trial court was correct the first time.

{21} The trial court was concerned with how Deputy Jiles could say that even though he could see Defendant's vehicle up to 500 yards away, it was nevertheless dangerous for Defendant to drive. According to Deputy Jiles, without headlights on, it was not possible to see even 500 feet at the time of this encounter with Defendant. How could the Deputy see three times farther than the Defendant could?

{22} The trial court overlooked two important things. First, the reason Deputy Jiles could see so much farther than Defendant is that his headlights were on while Defendant's were off. Second, the trial court failed to adequately take into account that Defendant was the only one in traffic whose headlights were off while all the other vehicles had their headlights on.

{23} Furthermore, Deputy Jiles testified that it was already dark, even though it was

still close to sundown. Granted, this Court is supposed to indulge all reasonable presumptions in support of the trial court's ruling. *State v. Martinez*, 2002–NMCA–043, ¶ 9, 132 N.M. 101, 45 P.3d 41. I am not persuaded, as the majority is, that these presumptions were reasonable.

{24} The trial court correctly concluded that the determination of distances by a police officer is a subjective matter and rightfully so.

{25} I therefore conclude that, considering the totality of the circumstances, Deputy Jiles had reasonable suspicion to stop Defendant's vehicle. I am also convinced that Deputy Jiles could have stopped Defendant's vehicle on a community care taking/public safety basis.

{26} Once the stop is proper, there should have been neither a suppression of evidence, nor a mistrial on the other counts. As the majority points out, "we understand the serious nature of Defendant's charges." With the evidence of Defendant's slurred speech, odor of alcohol, bloodshot eyes, a .17 blood alcohol level, and the Defendant's five prior DWI convictions, I understand the seriousness of Defendant's charges.

{27} The trial court erred in suppressing the State's evidence on the no-headlight count, directing a verdict thereon, and declaring a mistrial on the remaining counts.

{28} I therefore respectfully dissent.