**Certiorari Granted, January 6, 2012, No. 33,304**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-005**

**Filing Date: October 18, 2011**

**Docket No. 29,583**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellant,**

**v.**

**MURPHY HARDY,**

      **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**KENNEDY, Judge.**

**{1}** Murphy Hardy (Defendant) was indicted for criminal sexual penetration of a minor (CSPM) to which he apparently confessed. The district court dismissed his case with prejudice, finding that, because there was no admissible evidence to establish the *corpus delicti*, Defendant could not be convicted through his confession alone. The State appeals,

1

arguing that the district court erred in ruling that the *corpus delicti* rule precluded conviction solely on the basis of a confession. The State contends that the rule merely controls the admissibility of a confession and, thus, inadmissible evidence should be allowed to establish a confession's admissibility if such evidence, together with the confession, can establish the *corpus delicti*. The State also argues that it should have had the opportunity to submit the confession to the jury because it possessed evidence that can establish the *corpus delicti*. This argument incorrectly confuses two steps of determining whether a confession can be used at trial.

**{2}** We hold that the district court properly dismissed this case, as a conviction cannot be sustained when based solely on a confession unless other admissible evidence contributes to establishing the *corpus delicti*. In the absence of such evidence in this case, we affirm the district court's dismissal with prejudice.

## I. BACKGROUND

**{3}** Defendant was indicted on two counts of first-degree CSPM. One alleged instance of sexual abuse occurred when Defendant's family was on vacation in Albuquerque. At an unspecified time, Victim apparently told her mother about the sexual abuse. In a 2004 statement to FBI Special Agent Nicholas Manns, the investigating officer, Victim revealed that Defendant "climbed on top of her, covered her mouth, and penetrated her with his penis." Around that same time, Defendant "relayed similar information regarding the incident" to Agent Manns. The acts that allegedly occurred in this case were charged as happening between 1989 and 1993.

**{4}** Despite her statements made four years prior to the indictment, Victim "was uncooperative with the prosecution. She was never interviewed by the defense, nor had she ever testified under oath or been subject to cross-examination by the defense." In fact, only two of the State's witnesses were ever provided by the State to be interviewed by the defense: Victim's mother and Agent Manns. Thus, Defendant moved to exclude the State's witnesses that were not interviewed. The district court granted the motion five days prior to trial, leaving only Special Agent Manns and Victim's mother as witnesses for the State. This order was not appealed.

**{5}** Shortly after these exclusions, Defendant moved to dismiss the charges, arguing that the State could not adduce the required admissible evidence to "establish the *corpus delicti* through Defendant's confession" and, therefore, could not prove its case. Defendant argued that "[n]o physical evidence, forensic evidence, documentary evidence, eyewitness testimony, or expert testimony existed in this case." Defendant contended that "the only evidence the State could present was the . . . testimony of Agent Manns and [Victim's mother]." Defendant argued that "Agent Manns' testimony would consist of a recitation of [Defendant's] confession and hearsay statements made to him by [Victim]." Similarly, Victim's mother's potential testimony also "consisted of hearsay" because she was expected only to "recite what [Victim] told her about the alleged [CSPM]." The State did not disagree

2

with this characterization. Thus, because Victim was not interviewed, Defendant asserted that the admittance of testimony about anything Victim told to either Agent Manns or Victim's mother would have "violate[d Defendant's] right to confrontation under the state and federal constitutions," rendering both testimonies inadmissible.

{6}     The district court dismissed the case with prejudice. The district court found that the State lacked the admissible evidence necessary to establish *corpus delicti*. The district court reasoned that, "because of . . . [V]ictim's unavailability, none of the statements . . . [V]ictim made to [either] her mother, or to . . . Agent . . . Manns, would be admissible." The State therefore could not use the testimony regarding Victim's statements to corroborate the confession. Consequently, the district court stated that the State could not establish the *corpus delicti* because it "would not have evidence of injury or loss."

## II.     DISCUSSION

{7}     In light of the district court's finding that the State could not provide Victim's testimony or any other admissible evidence, direct or circumstantial, that Defendant had committed the alleged crime, Defendant's confession was critical to the prosecution of the case. However, the *corpus delicti* rule "has traditionally governed the admissibility of extrajudicial confessions." *State v. Weisser*, 2007-NMCA-015, ¶ 9, 141 N.M. 93, 150 P.3d 1043.

> The *corpus delicti* rule may be seen as a rule of evidence (in that it bars the admission of an extrajudicial confession until a predicate showing is made that the crime charged was committed by someone), and a rule of substantive criminal law (in that it requires a conviction based on a confession to be supported by the requisite degree of proof of the *corpus delicti*).

Thomas A. Mullen, *Rule Without Reason: Requiring Independent Proof of the Corpus Delicti as a Condition of Admitting an Extrajudicial Confession*, 27 U.S.F. L. Rev. 385, 387 (1993) (emphasis added) (footnote omitted). Establishing the *corpus delicti* requires proving "that loss or harm occurred" and "that someone's criminal agency caused the loss or harm[.]" *Weisser*, 2007-NMCA-015, ¶ 10 (internal quotation marks and citation omitted). Thus, "unless the *corpus delicti* of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on [the] extrajudicial confessions . . . of the accused." *Id.* (first emphasis added) (first alteration in original) (internal quotation marks and citation omitted).

{8}     In New Mexico, we have adopted the *Paris* rule, which allows use of "an extrajudicial [confession] . . . to establish the *corpus delicti* where the [confession] is shown to be trustworthy and where there is some independent evidence to confirm the existence of the alleged loss or injury." *Id.* ¶ 18 (emphasis added). In other words, the confession itself can be used to help establish the *corpus delicti*, so long as independent evidence can corroborate both the confession's trustworthiness and the existence of the alleged harm. In contrast, under the traditional *corpus delicti* rule, only independent evidence may be used

to establish the *corpus delicti*. Thus, compared to the traditional rule, New Mexico's modified trustworthiness approach presents less of a barrier to the admission of a confession for the purpose of sustaining a conviction. *See State v. Wilson*, 2011-NMSC-001, ¶ 20, 149 N.M. 273, 248 P.3d 315. In evaluating trustworthiness, we determine whether "the independent evidence presented by the [s]tate tends to establish the trustworthiness of [the d]efendant's extrajudicial statements." *Id.* ¶ 27 (alterations omitted) (internal quotation marks and citation omitted). "[T]he evidence used to establish the trustworthiness of [the d]efendant's statements must actually concern the content of his statements, not merely the circumstances surrounding them." *Id.* ¶ 30. "It is sufficient if the corroboration of [the defendant's statements] supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.* (alteration in original) (internal quotation marks and citation omitted). Thus, the facts to which a defendant confesses, not their circumstantial matrix, require independent corroboration.

**A.      The Trustworthiness Doctrine Requires Independent Admissible Evidence to Corroborate a Confession**

{9}      The State contends that the district court erred in refusing to consider inadmissible evidence that would have established the *corpus delicti*. The State argued that the evidence it offered, combined with the confession, would have established the *corpus delicti*, thus, enabling it to "submit the confession to the jury as the sole basis [for] conviction." In response, Defendant asserted that even if "the confession comes in," he cannot be convicted under the *corpus delicti* rule. Defendant argues that only admissible evidence can be used at trial to establish the *corpus delicti* required to sustain a conviction based upon a confession. Whether the trustworthiness doctrine requires admissible evidence to corroborate the confession for the purposes of establishing the *corpus delicti* necessary for conviction is a question of law we review de novo. *See State v. Martinez*, 1999-NMSC-018, ¶ 15, 127 N.M. 207, 979 P.2d 718.

{10}      The sufficiency of the independent corroborative evidence needed to sustain a conviction is first evaluated at a preliminary hearing "without which no confession can go to a jury[.]" *State v. Armijo*, 18 N.M. 262, 268, 135 P. 555, 556 (1913) (internal quotation marks and citation omitted). Hearings on admissibility reflect a concern that only reliable evidence is introduced at trial. *See State v. Trujillo*, 2002-NMSC-005, ¶ 17, 131 N.M. 709, 42 P.3d 814. To this end, "[p]reliminary questions on the admissibility of evidence are determined by the trial judge." *State v . Roybal*, 107 N.M. 309, 311, 756 P.2d 1204, 1206 (Ct. App. 1988). Commonly, at the preliminary hearing stage, the trial judge will apply the *corpus delicti* rule to determine a confession's admissibility. *See People v. Herrera*, 39 Cal. Rptr. 3d 578, 585-86 (Ct. App. 2006) (refusing to hold that "the *corpus delicti* rule should not apply to preliminary hearings" because the court was "not willing to turn [its] back on a long and unbroken line of cases that have applied the rule to preliminary hearings") (emphasis added) (internal quotation marks and citation omitted); *see also Proof of the Corpus Delicti Aliunde the Defendant's Confession*, 103 U. Pa. L. Rev. 638, 677 (1955) (explaining that the rule's application to preliminary inquiries is due to the concern that confessions can prejudice "the jury's thinking on certain issues which it might otherwise have been able to decide objectively"). Thus, a district court should determine at a

4

preliminary hearing whether the state has evidence that can support the "essential facts admitted" in a defendant's confession. First, the court assesses whether the confession's trustworthiness may be established. *Weisser*, 2007-NMCA-015, ¶ 30. Second, the court must ensure that the state has evidence that can corroborate the "existence of the alleged loss or injury." *Id.* ¶ 18. Without such evidence, the confession may not be presented at trial.

**{11}** Because the preliminary hearing involves a provisional question of admissibility that includes a preliminary matter of trustworthiness, this consideration of admissibility is governed by Rule 11-104 NMRA. Thus, "the judge is not bound by the rules of evidence, except those involving privileges and relevancy." *Roybal*, 107 N.M. at 311, 756 P.2d at 1206. Therefore, we hold that at this preliminary hearing, a judge can use inadmissible evidence to determine the trustworthiness of a confession.

**{12}** Trustworthiness, however, is a preliminary determination, provisionally conferred and subject to a more stringent standard of corroboration of the confession should it be put before the jury. Thus, authorities universally agree that admission at trial is always conditioned upon the state adducing independently admissible evidence at trial that can contribute to establishing the *corpus delicti*. *Proof of Corpus Delicti*, at 659; *see State v. Powers*, 99 P.3d 1262, 1262-63 (Wash. Ct. App. 2004) (holding that because erroneously admitted hearsay was the only evidence establishing the *corpus delicti*, the defendant's confession was inadmissible). Thus, the district court should further determine at a preliminary hearing whether the state can provide admissible evidence supporting the *corpus delicti*. Inadmissible evidence by itself is insufficient to admit a confession. If a confession that was provisionally admitted at a preliminary hearing is not coupled with admissible evidence establishing the *corpus delicti* at trial, a court may still exclude the confession at trial. *See Armijo*, 18 N.M. at 268, 135 P. at 556-57; *Commonwealth v. Turza*, 16 A.2d 401, 404 (Pa. 1940) (holding that inadmissible hearsay testimony may be introduced to establish the *corpus delicti*, so long as it appeared that the state could adduce admissible evidence at trial). Thus, the preliminary admissibility based on trustworthiness alone only confers provisional status, subject to proof of the corpus delicti proven through admissible evidence. The success of the State establishing trustworthiness does not presume the confession's admissibility at trial.

**{13}** In the case at bar, the State contends that the district court should have admitted Defendant's confession corroborated with inadmissible evidence at trial, even though the confession would then have provided the sole basis for a conviction. Under this proposed rule, the State could avoid the requirement of corroborating the confession's trustworthiness and the actual existence of the alleged harm with admissible evidence. Thus, should this view prevail, the presentation of inadmissable evidence is in effect, bootstrapped by the very confession it must corroborate. The State's suggested approach is contrary to our well-established law concerning corroboration. The absence of any admissible evidence in this case to establish the fact that Victim was abused is squarely consistent with our long-standing requirement that some evidence of the harm charged be available for the jury's consideration. We therefore hold that where admissible evidence is not available to corroborate the confession, the confession is not admissible and, accordingly, no conviction can be sustained solely on the basis of the confession.

5

**B.     The State Failed to Establish the *Corpus Delicti***

**{14}**     The district court found that the State could not provide sufficient admissible evidence to establish the *corpus delicti*. In reviewing this determination, we view the evidence in the light most favorable to the court's ruling, resolving all conflicts and indulging all reasonable inferences in favor of the ruling. *State v. Joe*, 2003-NMCA-071, ¶ 11, 133 N.M. 741, 69 P.3d 251. We conclude that the State failed to establish the *corpus delicti* because the evidence it provided was either inadmissible or insufficient. First and foremost, the State never argued that it had admissible evidence sufficient to establish the *corpus delicti*, choosing instead to rely upon inadmissible evidence. Thus, because the *corpus delicti* is needed to sustain a conviction based upon a confession, the district court properly dismissed the case with prejudice.

**{15}**     The State made a proffer of the expected testimony of Victim's mother and Agent Manns that might corroborate the *corpus delicti*. However, the State does not question on appeal the district court's finding that "because of . . . [V]ictim's unavailability, none of the statements . . . [V]ictim made to [either of these witnesses] would be admissible." Thus, the State may not rely upon the statements Victim made to its two witnesses to establish the *corpus delicti*, as such evidence is uncontestedly inadmissible.

**{16}**     Consequently, only the non-hearsay testimony of the two witnesses could have been used to establish the *corpus delicti* at trial. There would have been insufficient admissible and corroborative evidence even if the witnesses were available for trial. First, the State suggested that Victim's mother would testify that Victim underwent "behavioral changes," which were consistent with sexual abuse. However, Victim's mother had stated that "all of her children" changed when they encountered Defendant, irrespective of age or gender. Having no witness left to explain the relevance of any such changes, such changes could not tend to prove the fact that Defendant did anything. "In the absence of physical evidence of the abuse, . . . the circumstantial evidence used to independently prove the loss or injury must be more than a small number of behavioral symptoms susceptible to different inferences." *Weisser*, 2007-NMCA-015, ¶ 34. Second, the State mentioned its expectation that "the fact that . . . [Victim] had identified . . . Defendant" as the perpetrator of the alleged CSPM to the State's two witnesses would be allowed. However, no ruling was invoked, and we do not pursue it here.

**{17}**     Thus, the non-hearsay testimony offered by the State would have been either insufficient as a matter of law or inadmissible. Consequently, there is no evidence to view in support of establishing the *corpus delicti* for the purpose of sustaining a conviction. Therefore, the district court properly found that the State had insufficient admissible evidence to establish the *corpus delicti*.

**{18}**     A motion to dismiss for failure to establish the *corpus delicti* involves the question of whether the State offered sufficient evidence to meet the burden of proof required for conviction. Thus, Defendant's motion is substantively a motion for directed verdict. *See Cnty. of Los Alamos v. Tapia*, 109 N.M. 736, 739, 790 P.2d 1017, 1020 (1990) (stating that a directed verdict occurs when "the plaintiff or the state fails to offer sufficient evidence to

satisfy its burden of proof"); *State v. Williams*, 468 S.E.2d 656, 658 (S.C. 1996) (holding that when "the sole evidence of guilt is a confession, [and the *corpus delicti* is not established with independent evidence,] a directed verdict in favor of the defendant is required"). In the case at bar, the State failed to adduce sufficient evidence to meet its burden of proof as a matter of law because the failure to establish the *corpus delicti* precludes conviction. The district court therefore properly granted the motion to dismiss for failure to establish the *corpus delicti*.

## III. CONCLUSION

{19}  Because the State provided no admissible evidence to corroborate the *corpus delicti* of the alleged crime, Defendant is entitled to a directed verdict. The judgment is affirmed.

{20}  **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**

**Topic Index for  *State v. Hardy*, No. 29,583**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-CP | Criminal Sexual Penetration |
| CL-SE | Sexual Exploitation of Children |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CF | Confession |
| CA-CC | Corpus Delicti Rule |
| CA-DC | Dismissal of Charges |