This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 33,746**

**MARINA SISNEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Marina Sisneros (Defendant) appeals from the district court's judgment on on-record metropolitan court appeal. [RP 141] The judgment is supported by a district

court memorandum opinion. [RP 131] Defendant raises one issue on appeal, contending that the officer lacked probable cause to arrest her for DWI. [DS 10] The calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

{2}      Defendant continues to contend that there was no probable cause for her arrest. [MIO 11-12] Defendant continues to argue that a strong odor of alcohol does not constitute impairment, and that her blood shot, watery eyes were due to a fight she was having with her boyfriend. [Id.] She points out that she had no problem pulling over for the officer and exiting her vehicle when requested. [Id.] Further, Defendant contends that her performance on the field sobriety tests (FSTs) does not prove impairment, and to the extent that she had some difficulty performing them, it was because she was stopped in a high traffic and noisy area, and she was barefoot on the asphalt. [MIO 12] We are not persuaded.

{3}      As we discussed in detail in the calendar notice, the officer provided testimony that: (1) he observed that Defendant was impaired while driving when she exited a parking lot, including that the exit was performed in an unsafe manner when Defendant pulled out without yielding to existing traffic; (2) the officer observed that

2

Defendant exhibited the physical signs of alcohol ingestion; and (3) the officer observed that Defendant's performance on the FSTs further indicated to the officer that Defendant was under the influence of alcohol and therefore that it was unsafe for her to drive. [CN1 2-3]

{4} Defendant's explanations for her actions and behavior conflicted with the officer's testimony. [MIO 11-13] As Defendant acknowledges [MIO 11], however, conflicts in the testimony are matters for the fact finder, here the jury, and they go to the weight of the evidence and the credibility of the witnesses, which this Court does not reweigh or redetermine on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the fact finder is free to reject the defendant's version of the facts); *see also State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (stating that an appellate court does not weigh the evidence or substitute its judgment for that of the fact finder).

{5} Under the circumstances, we agree with the district court's judgment and memorandum opinion, and we hold that the officer had probable cause to arrest Defendant for DWI. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform FSTs supported an objectively reasonable belief that the defendant had been driving while intoxicated and thus constituted probable

cause to arrest the defendant); *see also State v. Ruiz*, 1995-NMCA-098, ¶¶ 3-4, 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where the police officers observed the defendant speeding and weaving, the defendant admitted to drinking, and the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and the results of FSTs were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894; *State v. Hernandez*, 1980-NMCA-138, ¶ 8, 95 N.M. 125, 619 P.2d 570 (concluding that the officer had probable cause to arrest when the defendant had driven in the officer's presence, and the officer noted that the defendant smelled of alcohol and had slurred speech).

**CONCLUSION**

{6}    We affirm the district court's conclusion that the officer had probable cause to arrest Defendant for DWI.

{7}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

4

**TIMOTHY L. GARCIA, Judge**